Timothy M. Bechtold
BECHTOLD LAW FIRM, PLLC
P.O. Box 7051
Missoula, MT 59807-7051
406-721-1435
tim@bechtoldlaw.net

Attorney for Plaintiffs

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION**

| | |
|---|---|
| HOWARD MOUNT JR., individually, and as Personal Representative of the Estate of Howard Mount, Sr., <br><br> Plaintiff, <br> vs. <br><br> UNITED STATES OF AMERICA; VISTA STAFFING SOLUTIONS, INC.; and NAVTEJPAL SINGH KAHLON, <br><br> Defendants. | CAUSE NO.  CV-21-128-GF-BMM <br><br> **COMPLAINT** |

Plaintiff alleges as follows:

1. Plaintiff Howard Mount, Jr. is a surviving son of Howard Mount, Sr.. Howard Mount, Jr. is the duly appointed, qualified, and acting personal representative of the Estate of Howard Mount, Sr. Howard Mount, Jr. is a

citizen of the State of Montana and a resident of Blaine County, Montana.

2. Howard Mount, Jr. brings this action on behalf of himself, on behalf of the Estate of Howard Mount, Sr., and on behalf of the heirs of the Estate of Howard Mount, Sr., all of whom have sustained lawful damages as a result of Howard Mount, Sr.'s injuries and death.

3. This Court has jurisdiction over this cause of action pursuant to the Federal Tort Claims Act, 28 U.S.C. 2671, *et seq*., because the claim arises from conduct of federal government agents and Plaintiff has exhausted administrative remedies.

4. This Court has exclusive jurisdiction over tort claims brought against the United States pursuant to 28 U.S.C. § 1346(b).

5. Defendant Vista Staffing Solutions, Inc. is a Delaware corporation with its principal place of business in Plantation, Florida that has a contract with the United States to provide health care providers on the Fort Belknap Indian Reservation.

6. Based on information and belief, Defendant Navtejpal Singh Kahlon is a California resident who is contracted to provide health care services on the Fort Belknap Indian Reservation for the Indian Health Service.

7. Plaintiff filed Federal Tort Claim Act claims on May 25, 2021, and the Department of Health and Human Services received the claims on May 27, 2021. The government did not act on the claims prior to suit being filed in this matter, therefore Plaintiff's claims are ripe for adjudication.

8. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(e) and 1402(b).

9. On various occasions in 2018 and 2019, Howard Mount, Sr. presented to the Ft. Belknap IHS clinic complaining of pain in his abdominal area.

10. On each occasion, IHS health care providers determined that he had various gastrointestinal issues and sent him home without providing relief from his symptoms or referring him out.

11. On August 11, 2019, Howard Mount, Sr. died of metastatic prostate cancer.

12. Health care providers at the Ft. Belknap Health Center violated the standard of care beginning on when they failed to diagnose and treat Howard Mount, Sr.'s medical condition, specifically prostate cancer.

13. Health care providers at the Ft. Belknap Health Center were negligent and violated the standard of care in failing to properly assess and properly treat Howard Mount, Sr.'s condition upon his presentations to the IHS in 2018 and 2019.

14. Health care providers at the Ft. Belknap Health Center were negligent and violated the standard of care in failing to properly assess and refer Howard Mount, Sr. to other medical care providers upon his presentations to the IHS in 2018 and 2019.

15. As a direct and proximate result of each of the acts and omissions of the IHS and health care providers at the Ft. Belknap Health Center alleged in this Complaint, Howard Mount, Sr.'s condition deteriorated and he suffered severe injuries, resulting in his death.

16. Plaintiff should receive lawful damages under Montana's survival statute, MCA § 27-1-501, and wrongful death statute, MCA § 27-1-513, as follows:

   A. For the wrongful death of Howard Mount, Sr. and the loss of economic and family support, companionship, affection, society, consortium, comfort, and services he provided to his family;

   B. For Howard Mount, Sr.'s mental anguish, pain, and suffering before he died;

   C. For Howard Mount, Sr.'s funeral and burial costs.

**WHEREFORE**, Plaintiff demands judgment against the Defendants as follows:

1. For judgment in such amounts as shall be proven at the time of trial.

2. For an award of attorney's fees and costs as provided by any applicable provision of law.

3. For such other and further relief as the Court deems just and equitable.

DATED this 27th day of December, 2021.

/s/ Timothy M. Bechtold
BECHTOLD LAW FIRM, PLLC